IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ CIV - _____

ANTONIO SISCA,

    Plaintiff,

v.

HAL MARITIME, LTD and
PRINCESS CRUISE LINES, LTD.,

    Defendant.
_____/

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO RULE 9 U.S.C. § 205 AND 28 U.S.C. §1441**

Defendants, HAL MARITIME, LTD ("HAL") and PRINCESS CRUISE LINES, LTD. ("Princess") (collectively "Defendants"), for the purpose of removing this action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court of the Southern District of Florida, with full reservation of rights, exceptions and defenses, respectfully represent:

    1.    Plaintiff, Antonio Sisca ("Plaintiff"), alleges he was a crewmember aboard the *M/S Ruby Princess* ("*Ruby Princess*"). (*See* Complaint at ¶¶5-6, attached hereto as Exhibit 1.)

    2.    HAL is a British Virgin Islands corporation. (*See* Executed Employment Agreement, attached hereto as Exhibit 2.)

    3.    Princess is a Bermuda corporation. (*See* Washington State Certificate of Authority, attached hereto as Exhibit 3.)

Plaintiff executed an Employment Agreement with HAL that provided notice of an arbitration agreement. (*See* Executed Employment Agreement, Ex. 2.)

4. Pursuant to that agreement, Plaintiff agreed that he would arbitrate any disputes arising out of his employment in Italy, which is his country of citizenship. (*See* Seagoing Employment Agreement – Terms and Conditions, May 1, 2019 Version, ("SEA") at Article 18B, attached hereto as Exhibit 4.)

5. Plaintiff agreed that he was bound by the terms and conditions set forth in the SEA. (*See* Executed Employment Agreement, Ex. 2.). Plaintiff expressly acknowledged that he read the Arbitration Provision contained in the Terms and Conditions. (*See Id.*) The page of the Employment Agreement executed by Plaintiff states:

> THE TERMS AND CONDITIONS ATTACHED HERETO (MAY 1, 2019 VERSION) APPLY TO, AND ARE AN INTEGRAL PART OF, THIS AGREEMENT. BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE BEEN AFFORDED THE OPPORTUNITY TO REVIEW THE TERMS AND CONDITIONS WHICH SHALL BE SENT TO YOU IN EMAIL AND/OR OTHERWISE AVAILABLE FOR YOU TO ACCESS ON EFLEET, THE COMPANY'S INTRANET SYSTEM (UNDER HUMAN RESOURCES). **YOU SPECIFICALLY ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO THE ARBITRATION PROVISION CONTAINED IN ARTICLE 18B** AND THE PRIVACY NOTICE/ACKNOWLEDGEMENT CONTAINED IN ARTICLE 20 OF THE TERMS AND CONDITIONS. YOU FURTHER ACKNOLEDGE AND AGREE THAT: (1) YOU HAVE BEEN AFFORDED AN OPPORTUNITY TO SEEK ADVICE ON THIS AGREEMENT BEFORE SIGNING IT; (2) YOU HAVE RECEIVED THIS AGREEMENT IN PRINTED OR ELECTRONIC FORM; (3) AN ELECTRONIC SCAN, COPY OR FACSIMILE OF THIS AGREEMENT AND ITS ATTACHMENTS SHALL BE AS VALID AS THE ORIGINAL; (4) YOU HAVE RECEIVED A FULL COPY OF THIS AGREEMENT CONSISTING OF THIS PAGE PLUS THE ATTACHED 17-PAGE TERMS AND CONDITIONS; AND (5) COMPANY'S RETENTION OF THIS AGREEMENT IN PAPER OR ELECTRONIC FORM IS DEEMED CONCLUSIVE AND IRREFUTABLE EVIDENCE THAT YOU HAVE RECEIVED AND SIGNED THIS AGREEMENT.

(*See* Executed Employment Agreement, Ex. 2.) (emphasis added).

6. By executing the Employment Agreement, Plaintiff agreed to the terms and conditions contained therein and in the attached SEA, including its arbitration provision. Plaintiff

agreed he would arbitrate any disputes in Italy. (*See* Exhibits 2 and 4, collectively the "Employment Agreement.")

7. Article 18B of the Employment Agreement is entitled "Arbitration" and states as follows:

> Any disputes whatsoever relating to or in any way arising out of this Agreement or your service on board a ship, including but not limited to wage disputes, property damage, personal injury, death or any other claim, shall be governed exclusively by the laws specified in the applicable Collective Bargaining Agreement or government-mandated contract. In the absence of any such Agreement or specification, such disputes shall be governed in all respects by the Laws of the British Virgin Islands. You hereby agree, on behalf of yourself and your successors, assigns, heirs, dependents or representatives, that any disputes shall be arbitrated, if at all, exclusively according to the terms specified in any applicable Collective Bargaining Agreement or government-mandated contract. **In the absence of such Agreement, terms or contract, all such disputes no matter how described, pleaded or styled, shall be resolved by binding arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. 3, 1970 U.S.T. LEXIS 115, exclusively in your country of citizenship or, if your home country is not a party to the Convention, then in Seattle, Washington.**

(*See* SEA, Ex. 4, Article 18B) **(emphasis in original.)**

8. Plaintiff claims that on or about April 23, 2020, he fell and suffered personal injury while assisting another crewmember who became seasick. (*See* Complaint at ¶ 14, Ex. 1.)

9. On or about June 22, 2020 Plaintiff filed suit in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida. The action was originally entitled *Antonio Sisca v. HAL Maritime, Ltd and Princess Cruise Lines, Ltd. (Corp.),* case number 2020-013113-CA-01. Plaintiff' Complaint alleges Negligence against HAL (Count I), Negligent Failure To Provide Prompt and Adequate Medical Treatment against HAL (Count II), Failure To Provide Maintenance and Cure against HAL (Count III), Failure To Provide Maintenance and Cure against Princess (Count IV), Unseaworthiness against Princess (Count V), and Negligence against Princess (Count VI). (*See generally* Complaint, Ex. 1.)

10. On or about June 24, 2020 Plaintiff served HAL with the Complaint. (*See* Proof of Service, attached hereto as Exhibit 5).

11. On or about June 24, 2020 Plaintiff served Princess with the Complaint. (*See* Proof of Service, attached hereto as Exhibit 6).

12. Plaintiff's claims must be submitted to arbitration. Plaintiff agreed that "[a]ny disputes whatsoever relating to or in any way arising out of this Agreement or [his] service on board a ship, including but not limited to wage disputes, property damage, personal injury, death or any other claim, … **no matter how described, pleaded or styled, shall be resolved by binding arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. 3, 1970 U.S.T. LEXIS 115, exclusively in [his] country of citizenship…**" (*See* SEA, Ex. 4, Article 18B) (**emphasis in original**.) The claims asserted against Defendants clearly fall within the agreement to arbitrate made between the parties.

13. Pursuant to the terms and conditions of Plaintiff's Employment Agreement, the parties are mandated to submit the dispute to arbitration in Italy. Accordingly, both at the time the lawsuit was filed in State Court and at the time of the present removal, this dispute is subject to mandatory arbitration in Italy.

14. Plaintiff's Employment Agreement and the foreign arbitration are subject to the provisions of The Convention of the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter the "Convention"), and therefore the Convention and its enabling legislation are controlling pursuant to 9 U.S.C. §201 *et seq*.

15. The United States has implemented the Convention, through the enactment of 9 U.S.C. §§ 201-208.

16. Accordingly, this Court has subject matter jurisdiction by virtue of 28 U.S.C §1331, 28 U.S.C. §1333, and 9 U.S.C. §202 *et seq.*

17. This Court has removal jurisdiction pursuant to 9 U.S.C. §202 *et seq.* and, to the extent applicable, 28 U.S.C. §1441. *See* 9 U.S.C. § 205 ("Where the subject matter of an action … pending in a State court relates to an arbitration agreement … under the Convention, the defendant … may … remove such action….")); *see also Bautista v. Star Cruises*, 396 F.3d 1289, 1292-93 (11th Cir. 2005) (affirming removal under the Convention and compelling arbitration); *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257 (11th Cir. 2011) (same).

18. Defendants' Notice of Removal is timely and properly filed pursuant to 9 U.S.C. §202 – §205, which allows removal of such claims at any time before trial.

19. Upon filing of this Notice of Removal, Defendants will promptly give written notice thereof to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.  (*See* copy of Notice to be filed with the State Court attached hereto as Exhibit 7.)

20. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on Princess are attached hereto as Composite Exhibit 8.

WHEREFORE, Defendants, HAL Maritime, Ltd and Princess Cruise Lines, Ltd., respectfully move that the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number 2020-013113-CA-01on the docket of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that court to the United State District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendants are entitled.

Dated: July 14, 2020

Miami, Florida

**MALTZMAN & PARTNERS, P.A.**

By: */s/ Steve Holman*
Jeffrey B. Maltzman, Esq.
Florida Bar No. 0048860
jeffreym@maltzmanpartners.com
Steve Holman, Esq.
Florida Bar No. 547840
steveh@maltzmanpartners.com
Coral Gables, FL  33134
Tel: 305-779-5665 / Fax: 305-779-5664
*Attorneys for Defendant HAL Martimime, LTD and Princess Cruise Lines, LTD*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via Electronic Mail to: Julio J. Ayala, Esq., crewesq@crewadvocacy.com, Crewmember & Maritime Advocacy Center, PA 113 Almeria Avenue, Coral Gables, FL 33134, this 14th day of July, 2020.

By: */s/ Steve Holman*
Steve Holman, Esq.
Florida Bar No. 547840
steveh@maltzmanpartners.com