IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-22911-BLOOM/Louis

ANTONIO SISCA,

    Plaintiff,

v.

HAL MARITIME, LTD and
PRINCESS CRUISE LINES, LTD.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO COMPEL ARBITRATION

Defendants, HAL MARITIME, LTD ("HAL") and PRINCESS CRUISE LINES, LTD. ("Princess") (collectively "Defendants"), hereby petition the Court to enter an Order directing Plaintiff, ANTONIO SISCA (hereinafter "Plaintiff"), to proceed to arbitration in accordance with the terms of his Employment Agreement. In support, Defendants state as follows:

### I. Introduction

Plaintiff, a foreign seaman and citizen of Italy, filed a six-count Complaint alleging he was employed by Defendant to work as a seaman aboard Defendant's vessel. *See* Complaint (ECF No. 1-2) at ¶¶5-6. Plaintiff alleges that he fell and was injured due to Defendant's negligence. Prior to boarding the vessel, Plaintiff entered into an Employment Agreement in which agreed he had reviewed and was bound by the terms and conditions set forth in a Seafarer's Employment Agreement ("SEA"). *See* Employment Agreement attached as Exhibit 1. Among other things, the SEA requires that Plaintiff arbitrate any and all claims or disputes in Italy, his country of citizenship. *See* Seagoing Employment Agreement – Terms and Conditions, May 1, 2019 Version,

("SEA") at Article 18B, attached hereto as Exhibit 2.

Notwithstanding that there was a binding agreement to arbitrate the dispute in Italy, Plaintiff instead filed this lawsuit in the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida. The action was originally entitled *Antonio Sisca v. HAL Maritime, Ltd and Princess Cruise Lines Ltd. (Corp.),* case number 2020-013113-CA-01. On July 14, 2020, Defendants filed a notice of removal to federal court. The foreign arbitration mandated between Plaintiff and Defendants in his Employment Agreement and SEA is subject to the provisions of The Convention of the Recognition and Enforcement of Foreign Arbitral Awards on June 10, 1958 (the "Convention"). Accordingly, this Court has subject matter jurisdiction by virtue of 28 U.S.C §1331, 28 U.S.C. §1333, and 9 U.S.C. §202 *et seq.*

## II.    Plaintiff's Claims Must Proceed To Arbitration

Princess and HAL have been aggrieved by Plaintiff's refusal to submit his claims to arbitration. By refusing to submit his claims to arbitration as provided in the SEA, Defendants have been deprived of the benefit and value of the arbitration provision to which Plaintiff agreed. For the reasons set forth below, the Court should compel arbitration in accordance with the SEA.

### A.    The SEA Mandates Arbitration of this Dispute

Plaintiff signed an Employment Contract to work aboard Defendant's vessel in which he agreed that while working aboard the vessel he was bound by the terms and conditions set forth in the SEA. The Employment Agreement Plaintiff signed states:

> THE TERMS AND CONDITIONS ATTACHED HERETO (MAY 1, 2019 VERSION) APPLY TO, AND ARE AN INTEGRAL PART OF, THIS AGREEMENT. BY SIGNING BELOW, YOU ACKNOWLEDGE THAT YOU HAVE BEEN AFFORDED THE OPPORTUNITY TO REVIEW THE TERMS AND CONDITIONS WHICH SHALL BE SENT TO YOU IN EMAIL AND/OR OTHERWISE AVAILABLE FOR YOU TO ACCESS ON EFLEET, THE COMPANY'S INTRANET SYSTEM (UNDER HUMAN RESOURCES). **YOU SPECIFICALLY**

**ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO THE ARBITRATION PROVISION CONTAINED IN ARTICLE 18B** AND THE PRIVACY NOTICE/ACKNOWLEDGEMENT CONTAINED IN ARTICLE 20 OF THE TERMS AND CONDITIONS. YOU FURTHER ACKNOLEDGE AND AGREE THAT: (1) YOU HAVE BEEN AFFORDED AN OPPORTUNITY TO SEEK ADVICE ON THIS AGREEMENT BEFORE SIGNING IT; (2) YOU HAVE RECEIVED THIS AGREEMENT IN PRINTED OR ELECTRONIC FORM; (3) AN ELECTRONIC SCAN, COPY OR FACSIMILE OF THIS AGREEMENT AND ITS ATTACHMENTS SHALL BE AS VALID AS THE ORIGINAL; (4) YOU HAVE RECEIVED A FULL COPY OF THIS AGREEMENT CONSISTING OF THIS PAGE PLUS THE ATTACHED 17-PAGE TERMS AND CONDITIONS; AND (5) COMPANY'S RETENTION OF THIS AGREEMENT IN PAPER OR ELECTRONIC FORM IS DEEMED CONCLUSIVE AND IRREFUTABLE EVIDENCE THAT YOU HAVE RECEIVED AND SIGNED THIS AGREEMENT.

*See* Employment Agreement, Ex. 1. By executing the Employment Agreement, Plaintiff agreed to the terms and conditions contained therein and in the referenced SEA including its arbitration provision contained in Article 18B. Plaintiff agreed he would arbitrate any disputes in his country of citizenship, Italy. Article 18B of the SEA is entitled "Arbitration" and states that Plaintiff "[a]ny disputes whatsoever relating to or in any way arising out of this Agreement or [his] service on board a ship, including but not limited to wage disputes, property damage, personal injury, death or any other claim, … **no matter how described, pleaded or styled, shall be resolved by binding arbitration pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. 3, 1970 U.S.T. LEXIS 115, exclusively in [his] country of citizenship…"** *See* SEA, Ex. 2, at Article 18B (**emphasis in original**.)  The claims asserted against Defendants clearly fall within the agreement to arbitrate made between the parties. Plaintiff has violated his employment contract by filing this lawsuit in court rather than submitting his claims to arbitration in Italy as mandated by the

2

Employment Aontract.

    **B.**    **The Eleventh Circuit Has Clearly Established That Crewmember Cases Should Be Compelled to Arbitration**

Despite a plethora of cases in which plaintiffs have attempted to circumvent cruise line arbitration agreements, the Eleventh Circuit has made it clear that pursuant to the Convention all such cases must be compelled to arbitration and that most defenses to arbitration cannot be considered in response to a cruise line's motion to compel arbitration. *See e.g.*, *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011); *Suazo v. NCL (Bahamas), Ltd.*, 822 F.3d 543 (11th Cir. 2016); *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d 1279 (11th Cir. 2015); *Wong v. Carnival Corp.* 599 Fed.Appx. 355 (11th Cir. 2015); *Vera v. Cruise Ships Catering and Services Intern., N.V.*, 594 Fed.Appx. 963 (11th Cir. 2014); *Trifonov v. MSC Mediterranean Shipping Co. S.A.*, 590 Fed.Appx. 842 (11th Cir. 2014); *Paucar v. MSC Crociere S.A.*, 552 Fed.Appx. 872 (11th Cir. 2014); *Quiroz v. MSC Mediterranean Shipping Co. S.A.*, 522 Fed.Appx. 655 (11th Cir. 2013); *Arauz v. Carnival Corp.* 466 Fed.Appx. 815 (11th Cir. 2012); *Maxwell v. NCL (Bahamas), Ltd.*, 2011 WL 928737, at *1 (11th Cir. 2011); *Henriquez v. NCL (Bahamas), Ltd.*, 440 F.App'x 714, 716 (11th Cir. 2011); *Bautista v Star Cruises,* 396 F.3d 1289 (11th Cir. 2005).

    **C.**    **Federal Law Favors Arbitration**

Federal law strongly favors agreements to arbitrate, particularly in international commercial transactions. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974). In *Mitsubishi Motor Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985), the Supreme Court held:

> Concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context.

3

*Id.* at 629; *See also Adolfo v. Carnival Corp.,* 2003 U.S. Dist. LEXIS 24143 (S. D. Fla. Mar. 17, 2003) (relying on *Mitsubishi* and ruling that "[q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration ... and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

International arbitration agreements are subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). The United States and Italy have both implemented the Convention—the United States through the enactment of 9 U.S.C. §§ 201-208, and Italy through Law No. 62 of 19 January 1968. The Convention provides that a court possessing jurisdiction under the Convention may direct arbitration be held in accordance with the agreement at any place therein provided for.

In light of the strong policy favoring arbitration, courts should conduct "a very limited inquiry" in deciding whether to compel arbitration pursuant to the Convention. *Lindo v. NCL*, 652 at 1272; *Bautista v. Star Cruises*, 396 at 1294; *see also Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002); *Ledee v. Ceramiche Ragno,* 684 F.2d 184 (1st Cir. 1982). The Court must order arbitration if the following four jurisdictional prerequisites are met: (1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen, and the relationship envisages performance and enforcement abroad, and has a reasonable relation with a foreign state. *See Lindo*, 652 F.3d at 1272; *Bautista*, 396 F.3d at 1294; *Std. Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 449 (11th Cir. 2003). Here, this Honorable Court must compel arbitration as required by the terms of Plaintiff's Employment Agreement (which incorporates the SEA), and the Convention. Here, all four jurisdictional prerequisites are all clearly met, and therefore this dispute is subject to

arbitration.

### D. This Action Mandates Arbitration Because the Four Jurisdictional Prerequisites Are All Met

Arbitration is mandated because the four jurisdictional prerequisites are met in this matter. *See Bautista,* 396 F.3d at 1295 n. 7 (listing jurisdictional requirements); *Lindo*, 652 F.3d at 1271-73 (analyzing *Bautista* and the jurisdictional requirements); *Francisco v. Stolt Achievement MT*, 293 at 272; *see also* 9 U.S.C. §§ 201-208. *First*, there is a written agreement to arbitrate this dispute. The SEA specifically states that any and all claims shall be subject to arbitration. *See* Exhibits 1 and 2. *Second*, Italy adopted the Convention on January 19, 1968. *Third*, the agreement to arbitrate arises from a commercial legal relationship. The courts have ruled that crewmember employment contracts constitute a commercial legal relationship for the purposes of compelling arbitration. *See Francisco*, 293 F.3d at 273-74; *Bautista*, 396 F.3d at 1294-1301; *Suazo v. NCL*, 822 F.3d at 550 (Eleventh Circuit ruling that the plaintiff's employment with NCL was a commercial relationship); *Escobar v. Celebration Cruise Operator, Inc.*, 805 F.3d at 1286 (Eleventh Circuit ruling the four jurisdictional requirements were met); *Trifonov v. MSC*, 590 Fed. Appx. at 844 (Eleventh Circuit ruling "each of the four jurisdictional prerequisites has been met"). Each of these courts resolved this issue by concluding that the contract of employment and agreement to arbitrate therein arose out of a commercial legal relationship. *Fourth*, a party to the agreement is not a U.S. citizen. Although applicable criteria only require that one party be a foreign citizen or entity, in this case everyone is foreign: Plaintiff is a citizen and resident of Italy; HAL is incorporated in the British Virgin Islands; and Princess is incorporated in Bermuda. *See* Exhibit 1; *see also* Complaint (ECF No. 1-2) at ¶¶5-6; Washington State Certificate of Authority (ECF No. 1-4). Since the four jurisdictional prerequisites as set forth in *Bautista* and *Francisco* are met, the Court should enter an Order compelling Plaintiff to submit to arbitration in accordance with the

5

terms of his Employment Contract.

### E.     Courts in the Southern District Compel Arbitration in Similar Circumstances

Courts in the Southern District compel arbitration under similar circumstances. Scores of courts in the Southern District have enforced cruise line crewmember arbitration agreements. *See, e.g., Galeano v. Celebration Cruise Operator, Inc*., No. 14-CV-81223, 2014 WL 12479278, at *1 (S.D. Fla. Dec. 12, 2014); *Pysarenko v. Carnival Corp.*, No. 14-20010-CIV, 2014 WL 1745048 (S.D. Fla. Apr. 30, 2014), *aff'd*, 581 F. App'x 844 (11th Cir. 2014); *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216 (S.D. Fla. 2010); *Yucra v. Carnival Corporation*, No. 10-20870-Civ, 2010 WL 11586522 (S.D. Fla. May 18, 2010); *Hodgson v. Royal Caribbean Cruises, Ltd.*, 706 F. Supp. 2d 1248 (S.D. Fla. 2009);  In each of these cases the court compelled arbitration, dismissing claims brought by seamen. *See also Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011) and *Henriquez v. NCL (Bahamas), Ltd.*, 440 F. App'x 714 (11th Cir. 2011).

### III.    Conclusion

For the reasons set forth herein, Defendants HAL and Princess respectfully petition this Court to enter an Order dismissing the instant action and compelling Plaintiff to proceed to arbitration in Italy pursuant to the terms of his Employment Agreement and Seafarer's Employment Agreement.

Dated: July 21, 2020
      Miami, Florida

                                 Respectfully submitted,

                                 MALTZMAN & PARTNERS, P.A.

                 By:   */s/ Steve Holman*
                        Jeffrey B. Maltzman, Esq.
                        Florida Bar No. 0048860
                        jeffreym@maltzmanpartners.com
                        Steve Holman, Esq.

Florida Bar No. 547840
steveh@maltzmanpartners.com
55 Miracle Mile, Suite 300
Coral Gables, FL  33134
Tel: 305-779-5665 / Fax: 305-779-5664
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 21st day of July, 2020. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By:   */s/ Steve Holman*
Steve Holman, Esq.
Florida Bar No. 547840
steveh@maltzmanpartners.com

**SERVICE LIST**
**CASE NO.: 20-cv-22911-BLOOM/Louis**

| | |
|---|---|
| Julio J. Ayala, Esq.<br>crewesq@crewadvocacy.com<br>Crewmember & Maritime Advocacy Center, PA<br>113 Almeria Avenue<br>Coral Gables, Florida 33134<br>Phone: 305-374-9099<br>Fax: 305-374-5099<br>*Attorney for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |